# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

ROBERT E. ELLISTON "PRO SE"

    PLAINTIFF,

V.

WING ENTERPRISES, INC.                             CIVIL ACTION

Doing business as "Little Giant Ladder Systems"     NO. #:1:15-cv-11739-FDS

    DEFENDANT,

&

RISK RETENTION SERVICES, INC.

    CO-DEFENDANT

## OPPOSITION TO MOTION OF DEFENDANT, RISK RETENTION SERVICES, INC., TO DISMISS FOR FAILURE TO STATE A CLAIM or in the Alternative FOR SUMMARY JUDGEMENT

1.     The defense attorneys have not properly followed the LOCAL RULES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS; RULE 7.1 (a) (2), which states: "No motion shall be filed unless counsel certify that they have conferred and have attempted in good faith to resolve or narrow the issue. The plaintiff would have knowledge of any

1

such attempt, and I have no knowledge.

2. On June 24, 2015, the plaintiff, Robert E. Elliston "Pro Se", was served with a Motion for Sanctions pursuant to rule 11 of Federal Rules of Civil Procedure, and a Stipulation of Dismissal of the defendant, Risk Retention Services, Inc.

3. On July 10, 2015, the plaintiff, Robert E. Elliston 'Pro Se", as an effort of conciliation, signed the Stipulation of Dismissal. At that time the plaintiff added the word "out" between the words **with** and **prejudice**; as to change the phrase to **without prejudice**, initialing and dating in the margin. The signed Stipulation of Dismissal was returned to the defendant, Risk Retention Services with a copy of the plaintiff's Opposition to Motion for Sanctions.

4. On July 14, 2015, the plaintiff's Opposition To Motion Of Defendant, Risk Retention Services, Inc., For Sanctions Pursuant To Rule 11 was filed in the clerk's office. A copy of the signed Stipulation of Dismissal was attached.

5. At this time, it is unclear as to where the signed Stipulation of Dismissal will come to rest. Therefore, the plaintiff, Robert E. Elliston "Pro Se" must argue in opposition to the defendants, Risk Retention Services, Inc., Motion To Dismiss for FAILURE TO STATE A CLAIM Or in the Alternative FOR SUMMARY JUDGEMENT. On page 2 of this motion, the defendant states: "Risk Retention Services, Inc. manages claims. It does not manufacture products." Information presented on the defendant's webpages tell a completely different story. "RRIS provides a limited, specialized approach to managing products and general liability exposures for our clients." The plaintiff alleges that if the defendant does indeed manage products and general liability for the manufacturer, then they have a shared responsibility to protect the consumer from all harm which may come from any product placed in the market place. Therefore, the complaint is directed at two defendants who have developed a "special relationship", have a shared responsibility, and there is no failure to

2

state a claim.

6. Furthermore, Risk Retention Services claims on their webpages: "RRS is a voting member of the ANSI A14 (Ladder standards) committee." ANSI is an acronym for American National Standards Institute, and A14-2 decides the safety requirements for portable metal ladders. On page 2 of the defendants Memo In Support of Motion to Dismiss FOR FAILURE TO STATE A CLAIM Or in the Alternative FOR SUMMARY JUDGEMENT, the defendant claims: "RRS did not create or design any labels or warnings on the products involved in plaintiff's accident." Appendix A of ANSI A14-2 is entitled "Format of Design and Color for Primary Hazard Danger and Caution Labels/Markings. Appendix B is entitled "Format of Design and Color for the Safety First and Notice Labels/Markings." With that information now before us, the plaintiff, Robert E. Elliston "Pro Se", askes the question: How can the defendant be a voting member of ANSI A14-2, publish these principles; then turn around and deny that they create or design any labels or warnings on the product manufactured by Wing Enterprises, Inc., and involved in the plaintiff's accident?

7. The information that has now been submitted by the plaintiff should make it perfectly clear that the defendant, Risk Retention Services, Inc., is much more involved in the ladder business than they are attempting to lead the court to believe. Should it become necessary for the plaintiff to amend his complaint, there is every basis for the court to allow an amended complaint under rule 15.

8. Before the court decides the outcome of the defendant's Motion For Summary Judgement, the plaintiff declares that demands for production of all contracts between Wing Enterprises, Inc. and Risk Retention Services, Inc. should be allowed according to Rule 56 (d) (1).

9. The plaintiff, Robert E. Elliston "Pro Se", respectfully requests that the court deny the Motion to Dismiss for FAILURE TO STATE A CLAIM Or in the

3

Alternative FOR SUMMARY JUDGEMENT.

Signature: *(signed)* Robert E. Elliston Pro Se

Name: Robert E. Elliston "Pro Se"

Address: 111 Gosnold's Way

Chilmark, MA 02535

Telephone #: 508 645-9622

(cell) 508 560-5532

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record for each party by mail on July 20, 2015

Robert E. Elliston "Pro Se"

*(signed)* Robert E. Elliston Pro Se