UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| ROBERT E. ELLISTON, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 15-11739-FDS |
| WING ENTERPRISES, INC., | ) ) ) | |
| Defendant. | ) ) | |

### MEMORANDUM AND ORDER ON MOTION TO DISMISS

**SAYLOR, J.**

This action arises out of injury caused by an allegedly defective folding ladder. The complaint alleges that defendant Wing Enterprises, Inc. designed, produced, and sold the ladder to plaintiff Robert E. Elliston, who was injured when the ladder's leg buckled during use.

Wing has moved to dismiss the complaint for failure to state a claim under Fed. R. Civ. P. 12(b)(6) based on the statute of limitations. For the reasons set forth below, the motion will be denied.

**I.   Background**

Robert Elliston, a Massachusetts resident, filed a *pro se* complaint on April 29, 2015, against Wing Enterprises, Inc., a Utah corporation. Elliston's complaint alleges that Wing's product, the "Little Giant Extreme Ladder," was defectively designed.

After viewing a television advertisement on April 14, 2012, Elliston purchased the ladder by telephone from his home in Chilmark, Massachusetts. (Compl. ¶ 5). Wing shipped the ladder to Elliston's home, where it arrived on April 25, 2012. (*Id*.). Elliston placed the ladder,

unopened in its box, in his truck and drove to Mead, Oklahoma, where he owns a second home. (*Id.*; Pl.'s Opp. ¶ 5). While using the ladder in Oklahoma on April 30, 2012, Elliston fell when one of the ladder's legs allegedly buckled. (Compl. ¶ 5). The next day, Elliston sought medical treatment and underwent surgery for a punctured right lung. (*Id.* at ¶ 6).

The complaint in this action was filed one day short of the three-year anniversary of the accident. Wing filed a motion to dismiss under Rule 12(b)(6), contending that Oklahoma's statute of limitations, which imposes a two-year limitations period, applies to Elliston's claims. Okla. Stat. tit. 12, § 95. The limitations period under Massachusetts law is three years. Mass. Gen. Laws ch. 260, § 2A

## II.     Standard of Review

On a motion to dismiss, the Court "must assume the truth of all well-plead[ed] facts and give plaintiff the benefit of all reasonable inferences therefrom." *Ruiz v. Bally Total Fitness Holding Corp.*, 496 F.3d 1, 5 (1st Cir. 2007) (citing *Rogan v. Menino*, 175 F.3d 75, 77 (1st Cir. 1999)). To survive a motion to dismiss, the complaint must state a claim that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level, . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555 (citations omitted). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 556). Dismissal is appropriate if the facts as alleged do not "possess enough heft to show that plaintiff is entitled to relief." *Ruiz Rivera v. Pfizer Pharms., LLC*, 521 F.3d 76, 84 (1st Cir. 2008) (quotations and original alterations omitted).

A document filed by a *pro se* party "is to be liberally construed, and a *pro se* complaint,

however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)) (internal quotation marks omitted).  See also Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice.").

**III.    Analysis**

Wing contends that the complaint should be dismissed for failure to state a claim upon which relief can be granted based on Oklahoma's two-year limitations period.  The question presented is whether the statute of limitations of Oklahoma or Massachusetts should apply.

Massachusetts courts apply a functional approach to choice-of-law issues that involve conflicting statutes of limitations.  *See New England Tel. & Tel. Co. v. Gourdeau Constr. Co.*, 419 Mass. 658, 660-63 (1995).  In *Gourdeau*, the Supreme Judicial Court of Massachusetts adopted the rule set forth in the Restatement (Second) of Conflict of Laws, § 142, which states:

> (2) The forum will apply its own statute of limitations permitting the claim unless:
>
>   (a) maintenance of the claim would serve no substantial interest of the forum; and
>
>   (b) the claim would be barred under the statute of limitations of a state having a more significant relationship to the parties and the occurrence.

419 Mass. at 659 n.1 (citing Restatement (Second) of Conflict of Laws § 142).

Wing does not contend that Massachusetts has no interest in Elliston's claim, but rather that Oklahoma has "more significant contacts with the parties, the product, and the occurrence than Massachusetts." (Def.'s Mem. at 8).  Although Wing's argument is relevant to the second prong of the § 142(2) two-part test, it fails to address the fact that Massachusetts has at least three substantial interests in the application of its own statute of limitations to Elliston's claim.

First, in a product-liability case, Massachusetts has an interest in both "providing a cause of action for compensation of [Massachusetts] individuals injured" and in "holding accountable

3

those whose defective products cause injuries." *Cosme v. Whitin Mach. Works Inc.*, 417 Mass. 643, 647-48 (1994). Wing contends that Elliston's Oklahoma property ownership reduces the significance of his Massachusetts residency. According to Wing, Elliston is only a part-time resident of Massachusetts, and therefore the Court should afford his residency status less weight in its § 142 analysis. It is well-established, however, that owning property in another state, without more, does not automatically diminish a plaintiff's residency, especially when he has meaningful contacts with the forum beyond mere residency. *In re Fresenius Granuflo/Naturalyte Dialysate Prods. Liab. Litig.*, 76 F. Supp. 3d 321, 332 (D. Mass. 2015) (determining that, although "property ownership bear[s] on assessment of domicile," it is just one of numerous relevant factors). Elliston has lived in Massachusetts since 1973, holds a Massachusetts Construction Supervisor's License, is registered as a Home Improvement Contractor in Massachusetts, and has worker's compensation insurance in Massachusetts that paid his medical expenses after the accident. (Pl.'s Opp. at 2-3).

Second, Massachusetts also has an interest based on Wing's advertising and sales activities in the Commonwealth. Wing contends that Massachusetts has no interest in the activities of Wing, because it is "a corporation organized under the laws of Utah," and also because the ladder was not "designed, manufactured, assembled[,] or used [in the forum]." (Def.'s Mem. at 9). But Massachusetts does have an interest in providing a forum for claims against corporations that advertise and sell products in the Commonwealth. *See* Restatement (Second) of Conflict of Laws § 145(2)(d) (noting that "the place where the relationship, if any, between the parties is centered" is a contact to be taken into account for tort claims).

Third, Elliston received benefits under the Massachusetts worker's compensation laws. (Pl.'s Opp. at 3). Under Massachusetts law, the insurer "will likely, in the event of the plaintiff's

success in the action, be able to recoup some of its payments by way of subrogation." *O'Sullivan v. Virco, Inc.*, 2006 WL 1581772, at *3 (D. Mass. June 7, 2006); Mass. Gen. Laws ch. 152, § 15.  Therefore, Massachusetts has "an interest in the effectiveness of its workers' compensation apparatus."  *O'Sullivan*, 2006 WL 1581772, at *3.

As for the second prong of the § 142 test, it cannot be said that Oklahoma has a more significant interest than Massachusetts the parties and the relevant events.  Wing relies heavily on the decision in *Nierman v. Hyatt Corp.*, 441 Mass. 693, 697 (2004), where the court applied the Texas statute of limitations because the defendant operated a hotel in Texas, the accident occurred in Texas, and the hotel's allegedly negligent employees were residents of Texas.

Here, however, Oklahoma has no similar interests beyond being the site of Elliston's injury.  *O'Sullivan*, 2006 WL 1581772, at *4.  Unlike a simple accident where the events and parties all occur within the same locale, product-liability claims stem from design, manufacture, sale, and use of product, and the location of the accident is only one aspect of the claim. Oklahoma has a relatively minimal interest in the application of its statute of limitations to Elliston's claim.  If the case involved a *substantive* Oklahoma law that sought to change the behavior of tortfeasors within the state, Oklahoma might well have a stronger interest, but this is not such a case.

An analogy to the present case is set forth in comment g to the Restatement (Second) of Conflict of Law § 142.  It reads:

> Suppose, for example, that two domiciliaries of state X are involved in an automobile accident in state Y.  In this case, the local law of state Y may govern *substantive* issues in the case under the rule stated in § 146.  Yet it would be appropriate for an X court to entertain the claim if it was not barred by the X statute of limitations even though it would be barred by the Y statute. Entertainment of the claim under such circumstances would not violate any Y policy and might further the policy of X.  The same would be true if the accident in state Y had involved domiciliaries of states X and Z and, although the statute of

5

> limitations had run in Y, it had not done so in either X or Z.  In such a case, it would be appropriate for a court of either X or Z to entertain the claim.

Restatement (Second) of Conflict of Laws § 142 cmt. g.  According to that analysis, Oklahoma has only a minimal, if any interest in the present case, and Massachusetts has significant interests.

Under the § 142 test, as adopted by the Massachusetts courts, the Court will apply Massachusetts' statute of limitations to Elliston's claim.  It will therefore deny the motion to dismiss, as the complaint was timely filed.

## IV.     Conclusion

For the foregoing reasons, the Massachusetts statute of limitations applies to plaintiff's claims, and Wing's motion to dismiss is therefore DENIED.

**So Ordered.**

/s/ F. Dennis Saylor
F. Dennis Saylor IV
Dated:  November 17, 2015                United States District Judge