## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| ROBERT E. ELLISTON, ) | ) |
| Plaintiff, ) | ) |
| ) | Civil Action No. |
| v. ) | 15-11739-FDS |
| ) |  |
| WING ENTERPRISES, INC., d/b/a ) |  |
| LITTLE GIANT LADDER SYSTEMS, ) |  |
| ) |  |
| Defendant. ) |  |

## MEMORANDUM AND ORDER ON
## DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT

SAYLOR, J.

I. **Background**

   A. **Factual Background**

On April 14, 2012, Robert Elliston, a Massachusetts resident, ordered a "Little Giant Extreme Ladder" from defendant Wing Enterprises, a Utah corporation. (Compl. ¶ 5). The ladder arrived at his home in Massachusetts eleven days later. (*Id.*). Without opening the box, he loaded the ladder into his car and drove to Oklahoma, where he has a second home. (*Id.*). On April 30, 2012, he unpacked the ladder to use for a small project at his Oklahoma home. (*Id.*).

The Little Giant Extreme ladder is essentially two ladders in one, with a wider outer portion and a narrower inner portion that can be assembled either together or as two separate ladders. (*Id.*). The plaintiff separated the two ladders, and assembled them as two small A-frames, in a configuration referred on the attached label as the scaffolding position. (*Id.*). He then placed a twelve-foot-long plank across the two A-frames. (*Id.*). He stood upon the plank

and began removing roof shingles along the eave of a porch roof that was approximately eight to nine feet above the ground. (*Id.*). According to the complaint, while he was standing upon the plank, one of the legs of the smaller, narrower ladder buckled and snapped off at the bottom rung. (*Id.*). He fell to the ground and landed with his chest on the broken ladder. (*Id.*).

The next day, experiencing chest pain and difficulty breathing, Elliston went to the emergency room at a local hospital. (Compl. ¶ 6). An x-ray revealed pneumothorax (a punctured lung) on the right side. (*Id.*). He was admitted for surgery, and then discharged on May 2, 2012. (*Id.*). According to the complaint, he has still not fully regained the same respiratory function he had prior to the accident. (Compl. ¶ 7).

### B.    Procedural Background

Proceeding *pro se*, plaintiff filed the complaint in this action on April 29, 2015. The complaint alleges that defendants Wing Enterprises and Risk Retention Services—Wing Enterprises' insurer—were strictly liable for his injuries based on a failure to warn and a design defect in the ladder. Plaintiff has since clarified that he was mistaken to claim strict liability, and instead intends to proceed under a theory of breach of warranty under Massachusetts law, including a claim under Mass. Gen. Laws ch. 93A. (Pl.'s Mem Opp'n Summ. J. at 2).[1] The complaint seeks both compensatory and punitive damages.

On June 6, 2015, defendant Wing Enterprises moved to dismiss the complaint for failure to state a claim upon which relief can be granted. On July 1, 2015, defendant Risk Retention Services moved to dismiss for failure to state a claim and lack of personal jurisdiction. On July 14, 2015, plaintiff agreed to dismiss all claims against Risk Retention Services. Risk Retention

---

[1] *Pro se* complaints are held to less stringent standards than pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Services was dismissed from the action on September 9, 2015.  The Court then denied the motion to dismiss of Wing Enterprises.

Wing Enterprises has now moved for summary judgment with respect to plaintiff's claim for punitive damages.  For the reasons stated below, that motion will be granted in part and denied in part.

## II.     Legal Standard

The role of summary judgment is to "pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial."  *Mesnick v. General Elec. Co.*, 950 F.2d 816, 822 (1st Cir. 1991) (internal quotation marks omitted).  Summary judgment is appropriate when the moving party shows that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  "Essentially, Rule 56[] mandates the entry of summary judgment 'against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'"  *Coll v. PB Diagnostic Sys.*, 50 F.3d 1115, 1121 (1st Cir. 1995) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).  In making that determination, the court must view "the record in the light most favorable to the nonmovant, drawing reasonable inferences in his favor."  *Noonan v. Staples, Inc.*, 556 F.3d 20, 25 (1st Cir. 2009).  When "a properly supported motion for summary judgment is made, the adverse party must set forth specific facts showing that there is a genuine issue for trial."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986) (internal quotations omitted).  The non-moving party may not simply "rest upon mere allegation or denials of his pleading," but instead must "present affirmative evidence."  *Id*. at 256-57.

**III.     Analysis**

Under Massachusetts law, punitive damages are not available unless expressly authorized by statute. *International Fidelity Ins. Co. v. Wilson*, 387 Mass. 841, 856 n.20 (1983). Here, punitive damages are not expressly authorized for any of the claims brought by plaintiff.

The *pro se* complaint, liberally interpreted, alleges claims for negligent failure to warn; negligent design; breach of the implied warranty of merchantability; and a violation of Mass. Gen. Laws ch. 93A.[2] Because punitive damages are not authorized by statute for any of those claims, his claim for punitive damages cannot proceed.[3] Therefore, to the extent that the complaint seeks punitive damages in conjunction with tort law claims for negligent failure to warn, negligent design, or breach of the implied warranty of merchantability, defendant's motion for summary judgment as to the punitive damages claim will be granted.

Chapter 93A authorizes multiple damages if a defendant's conduct was "willful or knowing," Mass. Gen. Laws ch. 93A, § 9(3A), it does not explicitly authorize punitive damages. However, the Massachusetts Supreme Judicial Court has recognized that

> [b]ecause the assessment of multiple damages is premised on a defendant's wrongful conduct, and not on the amount of harm suffered by a plaintiff, the multiple damages authorized by [chapter 93A] are essentially punitive in nature. Like punitive damages in tort law, multiple damages under [chapter 93A] serve the twin goals of punishment and deterrence.

*Kraft Power Corp. v. Merrill*, 464 Mass. 145, 157–58 (2013) (internal citations and quotation marks omitted). Therefore, to the extent that the *pro se* complaint can be read to seek multiple damages in conjunction with a chapter 93A claim, the motion for summary judgment will be

---

[2] The complaint alleges that "the product in question was defective" in two ways: "a failure to warn" and "a metallurgical weakness." It further alleges that "[t]he defendant exercised a lack of due care in delivery of this product to the market . . . ." (Compl. ¶ 9).

[3] The Massachusetts wrongful death statute permits punitive damages where the defendant's "malicious, willful, wanton, or reckless conduct" or "gross negligence" causes death. Mass. Gen. Laws ch. 229, § 2. That statute does not apply here as plaintiff was, fortunately, not killed in the accident.

denied.  With regard to multiple damages under chapter 93A, there is a question of material fact—whether defendant acted willfully or knowingly—and judgment as a matter of law is therefore inappropriate.

## IV.     Conclusion

For the foregoing reasons, defendant's motion for summary judgment is GRANTED in part as to any claim for punitive damages arising out of tortious conduct and DENIED in part as to the claim for multiple damages under Mass. Gen. Laws ch. 93A.

**So Ordered.**

Dated:  December 2, 2016

/s/ F. Dennis Saylor IV  
F. Dennis Saylor IV  
United States District Judge