UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ROBERT ELLISTON, <br><br> Plaintiff, <br><br> v. <br><br> WING ENTERPRISES, INC., <br><br> Defendant. | No. 15-CV-11739-FDS |

**MEMORANDUM AND ORDER ON DEFENDANTS' MOTION TO COMPEL THE PRODUCTION OF THE PLAINTIFF'S INCOME TAX RETURNS (Dkt. No. 123)**

CABELL, U.S.M.J.:

The defendant, Wing Enterprises, Inc., has moved to compel the production of the plaintiff Robert Elliston's income tax returns. (Dkt. No. 123). For the reasons discussed briefly below, the motion to compel is denied.

**Relevant Background**

The plaintiff has brought suit against the defendant in connection with injuries he suffered in April 2012 when he fell from a ladder the defendant manufactured. The plaintiff contends among other things that he sustained approximately $55,000 in lost earnings and loss of earning capacity as a result of the incident. During discovery, the defendant requested copies of all documentation of earned income by the plaintiff for the five years

preceding the incident at issue. The plaintiff responded in June and July of 2016 that he would not produce any documents responsive to the request. In particular, the plaintiff asserted that he would not submit joint tax returns (with his spouse) because they were not relevant. Subsequently, though, the plaintiff did produce some tax documents at his deposition, including his federal corporate tax returns from 2007 to 2015 for each of the three enterprises he owns and operates, as well as invoices to clients for services rendered by his construction company. The defendant did not thereafter take any steps to compel the plaintiff's personal income tax returns before the close of discovery on October 31, 2016.

Several months later, and following the defendant's unsuccessful motion for summary judgement, the court on September 8, 2017, scheduled the case for trial in May 2018. Following these developments, the defendant asked the plaintiff whether he was still unwilling to produce his tax returns. The plaintiff responded that he still would not produce his own tax records but he did subsequently disclose additional invoices and profit loss statements for one of his businesses, Roaring Brook Construction.

On October 3, 2017, the defendant filed the instant motion to compel.

2

**Discussion**

There is no absolute privilege protecting tax returns and related documents from discovery, although, "due to the sensitive information contained therein and the public interest to encourage the filing by taxpayers of complete and accurate returns, their production should not be routinely required." *Mitsui & Co. v. Puerto Rico Water Resources Authority*, 79 F.R.D. 72, 80 (D.P.R. 1978). A court may order the production of tax returns where they are relevant and the information contained in the returns is not readily available from another source. *See Buntzman v. Springfield Redevelopment Authority*, 146 F.R.D. 30, 32 (D. Mass. 1993).

In this case, there is at least a basis to argue that the court should not deign to apply these considerations and should instead summarily deny the motion on the ground that it is patently untimely. Indeed, discovery ended a full year ago and the defendant has known since before then, July 2016, that the plaintiff declined to produce his personal tax records. Regardless, the court finds that the defendant has not demonstrated that the tax returns it seeks are relevant, or that it cannot obtain the information from another source (assuming it has not already obtained the information from the materials it has received).

Specifically, the defendant asserts that any income the plaintiff has earned in connection with his various enterprises,

which has allegedly been negatively impacted as a result of the underlying incident, would be documented in the plaintiff's tax returns. Thus, the defendant argues, the plaintiff's personal tax records are necessary in order to assess the credibility of his claim regarding his alleged loss of earning capacity. I do not find this argument compelling.

As the plaintiff explains, he filed joint rather than individual tax returns during the relevant period, meaning that the records themselves would necessarily contain both irrelevant but nonetheless sensitive records relating to the plaintiff's spouse. Moreover, it appears that the sort of information that would be relevant to assess the plaintiff's reported loss of earning capacity has already been provided to the defendant. The plaintiff avers in his opposition that he previously provided the defendant with federal corporate tax returns for each of his three companies from 2007 to 2015, Roaring Brook Construction invoices for services rendered from 2013 to the present, and copies of Roaring Brook Construction profit/loss statements with the supporting forms and other federal worksheets. At no point does the defendant challenge the proposition that these materials are adequate and sufficient to allow it to assess the plaintiff's claimed loss of earning capacity.

In short, then, the defendant has filed a grossly untimely motion which seeks to compel the production of sensitive tax

4

records of questionable relevance, in an effort to collect information which the defendant has not demonstrated it cannot obtain (or has not already obtained) from other sources. It follows that the defendant has not met the weighty burden required to obtain such personal information.

**Conclusion**

For the foregoing reasons, the defendant's motion to compel the plaintiff's income tax returns is DENIED.


                                       <u>/s/ Donald L. Cabell</u>
                                       DONALD L. CABELL, U.S.M.J.

DATED: October 30, 2017